UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLISON REESE**, <br><br> Plaintiff, <br><br> v. <br><br> **PARK PLACE CONDOMINIUM HOMEOWNERS ASSOCIATION I**, *et al*, <br><br> Defendant. | Case No. 22-cv-02660 (CRC) |

**MEMORANDUM OPINION AND ORDER**

In June 2022, Allison Reese sued Park Place Condominium Homeowners Association I ("PPCA"), the condominium association she belongs to, and MCM, Inc. ("MCM"), the condominium's property manager, for violations of the Fair Housing Act ("FHA"). Reese alleged that PPCA and MCM ("Defendants") retaliated and discriminated against her by refusing to grant her use of the association's insurance policy to make repairs on her unit. Defendants each filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Reese's claims are time-barred and, in the alternative, that she failed to state a claim under the FHA. Because Reese's claims against MCM are time-barred, the Court grants MCM's motion to dismiss in full. Conversely, the Court finds that Reese's claims against PPCA are timely, and that she has alleged sufficient facts to support her allegation of discrimination. Reese fails, however, to sufficiently plead retaliation. Accordingly, the Court grants PPCA's motion to dismiss in part and denies it in part.

While the motions to dismiss were pending, Reese filed an amended complaint, adding claims of breach of contract and fiduciary duty. Because Reese was required to request leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15, the Court construes her amended complaint as a motion for leave to file an amended complaint. After Defendants filed a

motion to strike, or in the alternative, dismiss the amended complaint, Reese failed to respond. The Court therefore grants the Defendants' motion to dismiss the amended complaint as conceded.

## I. Background

The Court draws the following facts from Reese's complaint and accepts them as true at the motion to dismiss stage.  See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  The Defendants no doubt contest some of Reese's allegations.

Reese is an African-American woman who owns and lives in a townhome in the Park Place Condominiums in Northeast Washington, D.C.  Compl. ¶ 5.  Her unit suffers from "foundation defects," which a structural engineering report first identified in June 2014.  Id. ¶¶ 6, 26.  The defects caused erosion and water damage beneath the foundation of Reese's building and led to "severe[] damage[]" to both the foundation and interior of Reese's condominium.  Id. ¶ 7.  In December 2014, PPCA's legal counsel advised that PPCA was "responsible for [taking] corrective action [to repair] the erosion under the building" because the erosion was "outside of the condo unit and affect[ed] the whole building."  Id. ¶ 33.

On six occasions between December 2014 and July 2021, Reese requested that PPCA use its master insurance policy to fund repairs to her condominium.  Id. ¶¶ 9, 17–23.  She made these requests in December 2014, March 2018, June 2019, August 2019, January 2021, and July 2021. Id.  PPCA or MCM (PPCA's property management company during part of the relevant period) denied or ignored each of her requests.  Id. ¶¶ 17, 19–23; see also MCM's Mot. Dismiss at 1, 10 (noting that a different company managed PPCA in at least 2015).  PPCA, however, allowed other unit owners, including White owners and one other African-American owner, to use the master insurance policy to "repair the same or similar foundation damage."  Compl. ¶¶ 27, 34.

Reese also served on the Park Place Association Board from 2015 to 2016 and during that time "identified and reported fraud, and waste of the Association's financial resources" by other board members. Id. ¶ 41. Specifically, she "exposed" that board members purchased foreclosed properties at Park Place and then used PPCA funds to make repairs to the units. Id. ¶ 42.

In September 2021, Reese filed a housing discrimination complaint with the Department of Housing and Urban Development ("HUD"). Id. ¶ 24.[1] She exhausted her administrative remedies in December 2021. Id.

In June 2022, Reese filed suit in the District of Columbia Superior Court alleging that PPCA's rejection of her insurance requests violated the Fair Housing Act ("FHA") under two theories. First, by permitting White owners to use the master insurance policy while rejecting Reese's requests, Reese claimed PPCA engaged in racial discrimination in violation of 42 U.S.C. § 3605. Id. ¶ 27. Second, Reese alleged that PPCA rejected her insurance requests in retaliation for her reporting of board members' misconduct, in violation of 42 U.S.C. § 3617. Id. ¶ 48. In September 2022, Defendants PPCA and MCM removed the case from D.C. Superior Court to this court based on federal question and supplemental jurisdiction.

PPCA and MCM now move to dismiss Reese's complaint on the grounds that it is time barred by the statute of limitations and fails to state a claim. PPCA's Mot. Dismiss at 4–5; MCM's Mot. Dismiss at 5. While Defendants' motions were pending, Reese filed an amended complaint, which the Court construes as a motion for leave to file an amended complaint.

---

[1] Both defendants assert that the only HUD complaint they received was dated October 12, 2021. MCM Mot. to Dismiss at 13 n.3; PPCA Mot. to Dismiss at 5 n.4. Because the Court "accept[s]" the complaint's factual allegations "as true" at the motion to dismiss stage, the Court will use September 2021 as the operative date for the filing of Reese's administrative complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In any event, the date of the administrative complaint does not impact the Court's analysis.

## II. Legal Standard

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (cleaned up).  However, the Court need not credit "[t]hreadbare recitals of the elements of a cause of action" or "mere conclusory statements." Iqbal, 556 U.S. at 678.

## III. Analysis

Defendants offer three reasons to dismiss Reese's complaint: (1) Reese's claims are barred by the applicable statute of limitations, (2) Reese has failed to state a claim of retaliation, and (3) Reese has failed to state a claim of housing discrimination.  See PPCA's Mot. Dismiss at 1–2; MCM's Mot. Dismiss at 1–2.  The Court concludes that Reese's claims against PPCA are timely but her claims against MCM are time-barred.  The Court further finds that Reese has failed to state a claim of retaliation against PPCA but has succeeded in stating a claim of discrimination.

### A. Statute of Limitations

The statute of limitations for FHA claims is two years.  42 U.S.C § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice.").  The FHA tolls the limitations period while an administrative complaint is pending.  Id. § 3613(a)(1)(B).  PPCA asserts that the limitations period started running on December 16, 2014, when Reese first requested (and subsequently was denied) use of

4

PPCA's insurance policy.  PPCA's Mot. Dismiss at 5.  PPCA contends that because Reese did not file her complaint until July 22, 2022 (or, at the earliest, did not file an administrative complaint until September 2021), her complaint is time barred.  Id. at 4–5.

The Supreme Court, however, has recognized an exception to the FHA's limitations period.  Under the continuing violations doctrine, "where a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period," the claim is timely if filed within two years of the "last asserted occurrence of that practice."  Havens Realty Corp. v. Coleman, 455 U.S. 363, 380–81 (1982).

Here, Reese has sufficiently alleged that PPCA engaged in a "practice" of discrimination that continued into the limitations period.[2]  Opp'n to PPCA's Mot. Dismiss at 2.  Her complaint details that on five occasions between 2014 and 2021, PPCA denied her requests for foundation repairs.[3]  Compl. ¶¶ 17–23.  And her last request, dated July 12, 2021, occurred within the two-year limitations period.  Id. ¶ 17.

---

[2] Although Reese does not label PPCA's practice as a "continuing violation" in her opposition to PPCA's motion to dismiss, the Court determines that she has alleged sufficient facts to invoke the doctrine.  Additionally, Reese filed her opposition to PPCA's motion *pro se*.  See Opp'n to PPCA's Mot. Dismiss at 1, 7.  The Court therefore "liberally construe[s]" her opposition.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed'" (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Campbell v. Bowser, 22-cv-3422, 2023 WL 3646934, at *2 (D.D.C. May 25, 2023) ("Construing a document liberally means, at a minimum, that a plaintiff need not use 'magic words' or legal jargon." (citation omitted)).

[3] The complaint lists six occasions when Reese requested repairs, Compl. ¶¶ 17–23, but an MCM employee, not a PPCA employee, rebuffed the June 2019 request, Compl. ¶ 28; see also MCM Mot. Dismiss at 4 (noting that the individual who denied the June 2019 request was a "property manager who works for MCM.").

PPCA seeks to evade the continuing violations doctrine by characterizing the repeated refusals as failures to right a wrong that occurred outside the limitations period. PPCA's Mot. Dismiss at 5 n.3; see also Earle v. District of Columbia, 707 F.3d 299, 306 (D.C. Cir. 2012) ("The [continuing violations] doctrine does not . . . make actionable . . . the lingering effect of an unlawful act." (cleaned up)). But PPCA's argument mischaracterizes the nature of Reese's complaint. She does not allege harm from the "lingering effect" of the 2014 refusal, or even a later isolated refusal. Rather, she has alleged that a "long stream" of PPCA's refusals, the latest of which occurred less than two years before she filed suit, constitute illegal discrimination and retaliation. Spann v. Colonial Vill., Inc., 899 F.2d 24, 35 (D.C. Cir. 1990).

In Havens Realty, the Supreme Court applied the continuing violations doctrine to a series of FHA violations akin to what Reese has alleged. 455 U.S. at 381. In that case, would-be renters inquired on five separate occasions about the availability of units at an apartment complex and were given different responses depending on their race. Id. at 368. Only one of the alleged incidents of racial discrimination occurred within the statute-of-limitations window. Id. at 381. But the Court nonetheless determined that the plaintiffs' claims were not time-barred because they were "based not solely on isolated incidents . . . , but a continuing violation manifested in a number of incidents." Id. Likewise, the Court determines that Reese has sufficiently alleged that PPCA's repeated insurance denials, one of which occurred within the statutory period, constitute a continuing violation under the FHA.

While Reese has alleged a continuing violation against PPCA, the same cannot be said of her allegations against Defendant MCM. The complaint alleges that MCM rejected Reese's insurance request in June 2019, over two years before Reese filed her administrative complaint. Id. ¶¶ 24, 28; see also MCM's Mot. Dismiss at 4. Since there is no pattern of repeated conduct that would constitute a continuing violation, Reese's claims against MCM are time-barred. See

Havens, 455 U.S. at 380 (contrasting a continuing violation with "one discrete act of discrimination" outside of the limitations period).

In her opposition to MCM's motion to dismiss, Reese, who is now represented by counsel, argues that there is an agency relationship between MCM and PPCA, such that MCM is responsible for PPCA's failures as well as its own. Opp'n to MCM's Mot. Dismiss at 1–2 ("MCM . . . was Park Place's onsite condominium property manager, meaning it served as Park Place's agent for purposes of managing the property and implementing Park Place's policies and decisions, including decisions regarding which units to repair."). Yet, Reese did not seek to amend, and it "is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec., 980 F.3d 109, 117 n.5 (D.C. Cir. 2020) (citation omitted). Accordingly, the Court grants MCM's motion to dismiss.

### B.  Retaliation in Violation of 42 U.S.C. § 3617

PPCA contends that Reese has failed to state a claim of retaliation under 42 U.S.C. § 3617. The Court agrees. Section 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere" with the exercise of certain rights protected by the FHA. 42 U.S.C. § 3617. D.C. Circuit courts have not had much occasion to interpret § 3617, but other circuits have articulated the following three-part test for FHA retaliation claims: A plaintiff must establish that (1) she engaged in protected activity, (2) the defendant took an adverse action against her, and (3) a causal links exists between the protected activity and the adverse action. See, e.g., Wetzel v. Glen St. Andrew Living Cmty., LLC, 901 F.3d 856, 868 (7th Cir. 2018); Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001); Philippeaux v. Apartment Inv. & Mgmt. Co.,

598 F. App'x 640, 644 (11th Cir. 2015).[4]  Here, Reese has failed to plead sufficient facts to state a plausible claim to relief on the first and third elements: engagement in protected activity and a causal connection between protected activity and any adverse action.

*1. Protected Activity*

Reese alleges that she was retaliated against for "identif[ying] and report[ing] fraud, and waste of the [PPCA's] financial resources" during her time as a PPCA board member.  Compl. ¶¶ 41–43.  But identifying and reporting fraud or waste are not protected activities under the FHA's anti-retaliation provision.  Section 3617 prohibits retaliation for reporting other conduct, including that protected by 42 U.S.C. §§ 3604 (prohibiting discrimination in the sale or rental of housing), 3605 (prohibiting discrimination in real-estate-related transactions, such as making or purchasing loans), and 3606 (prohibiting discrimination in brokerage services).  Though Reese alleged that PPCA's fraud and waste reduced the availability of affordable housing, Compl. ¶¶ 42–43, she did not allege that the fraud and waste were somehow discriminatory, see Riley v. City of Kokomo, 909 F.3d 182, 192 (7th Cir. 2018) ("[R]eporting apparent mismanagement is not equivalent to reporting a discriminatory housing practice."); Kummerow v. Ohawcha.org, 21-cv-635, 2022 WL 873599, at *5 (W.D. Wis. Mar. 24, 2022) (collecting cases).[5]  Thus, Reese has failed to plausibly allege that PPCA retaliated against her for engaging in a protected activity.

---

[4] The Fourth Circuit adds a fourth element to the other circuits' test: that the defendant was aware of the protected activity the plaintiff engaged in.  See, e.g., Hall v. Greystar Mgmt. Servs., L.P., 637 F. App'x 93, 97–98 (4th Cir. 2016).  Because the Court finds Reese fails to plead sufficient facts for two other parts of the test, it need not address the Fourth Circuit's added element.

[5] HUD regulations further clarify § 3617.  24 C.F.R. § 100.400(c)(5) prohibits retaliation for participation in proceedings under the FHA.  Reese does not allege that she was engaged in any such proceeding.  24 C.F.R. § 100.400(c)(6) prohibits retaliation against a plaintiff who "reported a discriminatory housing practice."  As described above, Reese did not report a discriminatory housing practice.

*2. Causation*

Reese has also failed to allege causation. First, the sequence of events suggests that PPCA's insurance denials were not acts of retaliation. Reese alleges that she was originally denied use of the master insurance policy in December 2014, *before* her work as an Association board member began in 2015. Compl. ¶¶ 23, 41. Although Reese claims that only the 2018 through 2021 denials were retaliatory, the 2014 denial undercuts the inference that PPCA later denied Reese use of the insurance policy because of her conduct while a board member. Id. ¶ 48.

Second, the delay between Reese's reports and the alleged retaliation further suggests PPCA did not act in retaliation. Reese served on the PPCA board in 2015 and 2016. Id. ¶ 41. After 2015, Reese alleges PPCA took adverse action against her starting in 2018. See id. ¶ 48. A two-year time gap does not suggest a causal connection. See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (finding alleged retaliatory employment action taken 20 months after protected activity suggested "no causality at all"); see also Fisher v. SP One, Ltd., 559 F. App'x 873, 877–78 (11th Cir. 2014) (affirming grant of summary judgment in a § 3617 suit because "[w]ithout any other evidence of a retaliatory motive in the record, the three-month delay between [Plaintiff's] complaint and the alleged adverse action was too long to establish a causal connection"). Since the complaint offers no additional factual evidence of causation, the Court concludes that Reese has failed to state a plausible claim of retaliation.

C. Discrimination in Violation of 42 U.S.C. § 3605

Reese's race discrimination claim against PPCA fares better. 42 U.S.C. § 3605(a) makes it "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race." "Residential

real estate-related transaction[s]" include providing "financial assistance" for "repairing[] or maintaining a dwelling." Id. § 3605(b)(1)(A).

In FHA disparate treatment claims where the plaintiff lacks direct evidence of discrimination, the D.C. Circuit applies the burden-shifting framework adopted by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), for employment discrimination cases. See 2922 Sherman Ave. Tenants' Ass'n v. District of Columbia., 444 F.3d 673, 682 (D.C. Cir. 2006). Under the McDonnell Douglas framework, the plaintiff must eventually make out a prima facie case of discrimination.[6] Id. But to survive a motion to dismiss, the plaintiff need not plead every element of her prima facie case. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 ("This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); see also Boykin v. Gray, 895 F. Supp. 2d 199, 208 (D.D.C. 2012) ("At the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case." (cleaned up)), aff'd sub nom. Boykin v. Fenty, 650 F. App'x 42 (D.C. Cir. 2016). Instead, the "ordinary rules for assessing the sufficiency of a complaint apply." Swierkiewicz, 534 U.S. at 511.

Here, Reese has alleged sufficient facts to state a claim of racial discrimination. She alleges that she is an African-American woman, she is an "intended insured" under PPCA's

---

[6] The McDonnell Douglas framework is a three-part test: (1) the plaintiff must "present sufficient evidence to permit an inference of discrimination"; (2) if the plaintiff succeeds, "the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions"; and (3) "[i]f the defendant meets that burden," the plaintiff "may prevail by showing that the defendant's proffered reason was pretext for discrimination." 2922 Sherman Ave. Tenants' Ass'n, 499 F.3d at 682 (citing McDonnell Douglas, 411 U.S. at 802–04).

master policy, her unit required repairs that qualified for PPCA's master policy coverage, and PPCA denied her coverage while allowing White residents to invoke the policy to cover the same or similar repairs. Compl. ¶¶ 5, 32–34, 36. PPCA may have had a non-discriminatory reason for denying Reese use of the insurance policy, but the facts alleged in her complaint, taken as true, support the inference that PPCA denied Reese use of the policy because she is African-American. "[G]rant[ing] the plaintiff the benefit of all inferences that can be derived from the facts," the Court concludes that Reese has sufficiently alleged that PPCA discriminated against her. Andrx Pharms., Inc. v. Biovail Corp. Int'l, 256 F.3d 799, 805 (D.C. Cir. 2001).

PPCA objects on two grounds. First, PPCA contends that its decision to grant another African-American resident use of the insurance policy "negates the possibility" of racial discrimination. PPCA's Mot. Dismiss at 7; see also Compl. ¶ 34. Not so. While the fact that another African-American woman was allowed use of the policy might weaken Reese's case, it does not foreclose her claim. Reese has alleged that nine units benefited from the insurance policy, eight of which were White-owned. See Compl. ¶ 34. This is not a case where Reese has made a "naked assertion[]" of race discrimination "devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Moreover, in the employment context, courts have rejected the notion that favorable treatment of one or even some African-American employees can serve as a complete defense to claims of race-based discrimination. See Pieczynski v. Duffy, 875 F.2d 1331, 1336 (7th Cir. 1989) ("[I]t is not a defense to racial discrimination in employment that the employer mistreated some of his white employees and didn't mistreat all of his black employees[.]"); NAACP v. City of Corinth, 83 F.R.D. 46, 64 (N.D. Miss. 1979) ("[The] sole fact" that the city later hired "a black applicant" was "insufficient to overcome the prima facie case of racial discrimination.").

11

Second, PPCA contends that Reese's retaliation claim defeats her discrimination claim because Reese alleges that retaliation was the "real reason" she was denied use of the insurance policy. PPCA's Mot. Dismiss at 2, 7–8; see also Compl. ¶ 44. But, even assuming her retaliation and discrimination claims are mutually exclusive, Reese is allowed to plead both theories in her complaint. The Federal Rules of Civil Procedure permit pleading in the alternative, regardless of consistency. See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); see also Scott v. District of Columbia, 101 F.3d 748, 753 (D.C. Cir. 1996) ("[Plaintiff] could properly plead alternative theories of liability, regardless of whether such theories were consistent with one another."). The rules also do not require a plaintiff to use "magic words," like "in the alternative," to demarcate an alternative claim. See, e.g, Soule v. Hilton Worldwide, Inc., 1 F. Supp. 3d 1084, 1103 (D. Haw. 2014); Idearc Media Corp. v. Neighbors Moving & Storage, Inc., 08-60801-cv, 2008 WL 11333498, at *2 (S.D. Fla. Sept. 19, 2008). To be sure, Reese would not be permitted to recover under two inconsistent theories, see Scott, 101 F.3d at 753, but since the Court has dismissed her retaliation claim, it will not have to cross that bridge.

The Court thus denies PPCA's motion to dismiss Reese's complaint as to her claim of discrimination.

## IV. Plaintiff's Amended Complaint

Before assessing whether to grant the Defendants' motion to strike or dismiss Reese's amended complaint, the Court must first determine how to construe its filing. MCM and PPCA filed (and served via ECF) their motions to dismiss the original complaint on September 9, 2022 and September 20, 2022, respectively. See MCM's Mot. Dismiss; PPCA's Mot. Dismiss. Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend her pleading "once as a matter

12

of course" within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Reese, however, did not file her amended complaint until October 12, 2022, over 21 days after both motions to dismiss were filed.[7] See First Am. Compl. Thus, the Court must look to Federal Rule of Civil Procedure 15(a)(2), which permits a plaintiff to amend her complaint beyond the 21-day window "with the opposing party's written consent or the court's leave." Because the Defendants did not consent to the filing of the amended complaint, the Court will treat Reese's filed amended complaint as a motion for leave to file the amended complaint.

The Court finds that Reese has conceded Defendants' motion to strike or dismiss the amended complaint. Under this Court's Local Civil Rule 7(b), the Court may treat motions as conceded if the opposing party fails to serve and file her opposition within fourteen days. LCvR 7(b). The Court issued a minute order on January 10, 2023, well over fourteen days after Defendants had filed their motion to strike or dismiss the amended complaint, ordering Reese to show cause in writing by January 24, 2023 why Defendants' motion should not be granted as conceded. See Minute Order Jan. 10, 2023. Reese filed nothing in response to the Court's minute order and still has not filed an opposition to Defendants' motion. The Court therefore grants Defendants' motion to strike or dismiss Reese's amended complaint. The original complaint will remain the operative one in the case.

---

[7] The date listed on the First Amended Complaint is October 11, 2022—within 21 days of PPCA's motion to dismiss—but Reese did not file the First Amended Complaint on the docket until October 12, 2022. The Court treats the filing date as the operative date.

V.  **Conclusion**

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 4] Defendant MCM Inc.'s Motion to Dismiss is GRANTED. It is further

**ORDERED** that [Dkt. No. 8] Defendant PPCA's Motion to Dismiss is GRANTED in part and DENIED in part.  The Court dismisses Plaintiff's retaliation claim against PPCA but allows her race discrimination claim to proceed.  Defendant PPCA shall file an answer to the original complaint by October 9, 2023.  It is further

**ORDERED** that [Dkt. No. 16] Defendants' Motion to Dismiss or Strike the Amended Complaint is GRANTED.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date:   September 8, 2023